IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORDELLRA MCCALEY, #164032**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:20-cv-00178-KHJ-LGI**

**JAMES FILLYAW, ET AL.**                                    **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation on *Plaintiff's Motion for Injunctive Relief* [25]. Having considered the *Motion* [25], *Defendant's Response in Opposition to Plaintiff's Motion for a Preliminary Injunction* [34] and being duly advised in this matter, the undersigned recommends that the Motion [25] be denied.

I.    **Relevant Procedural History**

Plaintiff Cordellra McCaley is an inmate in the custody of the Mississippi Department of Corrections [MDOC] and is housed at the Mississippi State Penitentiary in Parchman, Mississippi. Plaintiff filed his Complaint on March 18, 2020 and appeared before the Court by video to provide sworn testimony expanding on the allegations of his Complaint at an Omnibus Hearing on November 30, 2020.

Plaintiff's *Motion for Injunctive Relief* [25] seeks to enjoin the defendants from any form of retaliation against Plaintiff, whether that retaliation is from Defendants, other MDOC officials, or inmates. Doc. [25] at 1. In support of his Motion, Plaintiff makes three allegations of retaliation that occurred in October 2020:

First, Plaintiff alleges that he reported an unnamed inmate for tampering with his food and that said inmate was subsequently fired from his kitchen job. *Id.* Plaintiff claims that in retaliation for reporting this offense, Defendant James pepper sprayed him. *Id.*

Second, Plaintiff alleges that while being moved to the exercise yard, unnamed inmates threw urine onto him. *Id.* at 2. Plaintiff asserts he complained to MDOC Officer Bailey, who then allegedly threatened Plaintiff with a rule violation for making the report. *Id.*

Third, Plaintiff claims that an inmate named DeWayne Tribble attempted to assault him, and that Defendants Fillyaw, Williams, and several others assisted Officer Bailey in restraining Tribble. *Id.* Plaintiff believes that the actions of Defendants Fillyaw, Williams, and others constitute retaliation for filing this lawsuit because he suspects Defendant Williams did not report the incident and because Sgt. Bailey is a friend of Defendant James. *Id.*

## II. Standards

### a. Preliminary Injunction

A party requesting a preliminary injunction must demonstrate each of the following: "(1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (quoting *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)). The movant must prove all four elements; failure to prove any one element will result in denial of the motion. *Enterprise Intern., Inc. v. Corporacion Estatial Petrolera Ecuatoriana*, 762 F.2d 464, 372 (5th Cir. 1985). The Fifth Circuit has deemed the first element to be *sine qua non*, meaning there is no need to proceed to the other elements if a substantial likelihood of success on the merits cannot be proven. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (affirmed denial of preliminary injunction on the sole basis that there was no substantial basis that the plaintiff would prevail on merits); *see also La Union Del Pueblo Entero*

*v. FEMA*, 608 F.3d 217, 225 (5th Cir. 2010) (issuance of preliminary injunction was erroneous because a substantial likelihood of success was not shown, no analysis of subsequent elements was needed).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci*, 862 F.2d 1209, 1211 & n.1 (5th Cir. 1989). When the movant cannot carry that burden, extraordinary relief is properly denied. *See Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979) (affirming denial of injunctive relief and describing issuance of preliminary injunction as proper "[o]nly in rare instances").

b.  **Retaliation**

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. *Woods*, 60 F.3d at 1166. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Id.*

"A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v.*

*Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 Fed.Appx. 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*.

**III.   Analysis**

Plaintiff is not entitled to injunctive relief as he has made no demonstration of the likelihood of success on the merits of a § 1983 claim for retaliation.

Plaintiff's first allegation of past retaliation is that Defendant James sprayed him with pepper spray when Plaintiff complained that another inmate tampered with his food; however, MDOC records reflect that, on October 11, 2020, Plaintiff refused several verbal commands by Defendant James to remove his hand from the tray hole before James sprayed the Plaintiff. Doc. 34-1.

Plaintiff's second claim alleges that prison officials falsely threatened to write him up for reporting another inmate throwing urine, but MDOC records indicate that Plaintiff received the violation on October 19, 2020 for spitting on an inmate. *Id.*

The final allegation arises from an inmate assault that Plaintiff concedes was addressed by MDOC officials restraining the inmate and providing Plaintiff with medical treatment. Doc. [25]

at 2.

Plaintiff presents these three unrelated events as conclusory allegations of a conspiracy to retaliate against him for filing grievances. As noted above, mere conclusory allegations of retaliation will not withstand a summary judgment challenge; rather, the inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Woods*, 60 F.3d at 1166.

*Plaintiff's Motion for Injunctive Relief* [25] does not demonstrate a substantial likelihood of success on the merits. The Fifth Circuit holds there is no need to proceed to the other elements for preliminary injunctive relief if a substantial likelihood of success on the merits cannot be proven. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001).

### IV.   Conclusion

For these reasons, the undersigned recommends that *Plaintiff's Motion for Injunctive Relief* [25] be denied. In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within fourteen (14) days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 11th day of August, 2021.

      /s/ LaKeysha Greer Isaac  
      UNITED STATES MAGISTRATE JUDGE