UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORDELLRA MCCALEY, #164032                              PLAINTIFF

V.                          CIVIL ACTION NO. 3:20-CV-178-KHJ-LGI

JAMES FILLYAW, et al.                                      DEFENDANTS

ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac. [44]. That Report recommends that this Court deny Plaintiff Cordellra McCaley's Motion for Injunctive Relief. [25]. Written objections to the Report were due by August 25, 2021. The Report notified the parties that failure to file written objections to the findings and recommendations contained in it by that date would bar further appeal in accordance with 28 U.S.C. § 636. Because McCaley timely filed objections, the Court reviews de novo the portions of the Magistrate's Report to which McCaley objects. 28 U.S.C. § 636(b)(1).

I.      Facts and Procedural History

McCaley is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"). McCaley sued alleging violations of his Fourth and Eighth Amendment rights under 42 U.S.C. §1983. He seeks nominal and compensatory damages, as well as injunctive relief. Before this Court is McCaley's Motion for a Preliminary Injunction seeking to enjoin Defendants from retaliating against him.

McCaley mentions three instances occurring in October 2020 to support his motion: Defendant James allegedly pepper spraying him in retaliation for reporting an inmate tampering with his food, officers threatening disciplinary action for reporting inmates splashing urine on him, and the Defendants refusing to report an instance of assault. [25].

II.  Standard

To secure a preliminary injunction, a plaintiff must demonstrate the following: (1) substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

III.  Analysis

To plead a valid retaliation claim under §1983, McCaley must (1) invoke a specific constitutional right, (2) demonstrate Defendants' intent to retaliate for his exercise of that right, (3) show a retaliatory adverse act, (4) and show causation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The pleading must demonstrate more than "the prisoner's personal belief that he is the victim of

retaliation." *Id.* (citations omitted). McCaley "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988)).

McCaley provides the Court with three examples of allegedly retaliatory actions but has not shown to this Court's satisfaction his retaliation claims are substantially likely to succeed on the merits.[1] The Court agrees with the Magistrate Judge's characterization of evidence. MDOC records on the pepper spray incident show that it stemmed from McCaley not complying with repeated verbal commands, countering McCaley's first allegation of retaliation. Exhibit A to Resp. in Opp. [34-1]. MDOC records rebut the second instance as well, revealing that McCaley received a violation for spitting on another inmate, not for reporting urine splashing. *Id.* As to the third instance, McCaley's own motion indicates that he received treatment for the assault. [25]. A potential administrative error in not reporting the incident does not violate constitutional rights, nor is the Court convinced of retaliatory intent.

The Court therefore agrees with the Magistrate Judge's finding that McCaley has not shown substantial likelihood of success on the merits of his § 1983 retaliation claims. As a result, a preliminary injunction should not issue.

---

[1] Even if McCaley were likely to succeed on the merits of his claim, he would only have standing to pursue damages and not injunctive relief, absent a showing of "real and immediate threat of repeated injury." *See Seals v. McBee,* 898 F.3d 587, 591 (5th Cir. 2018) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)).

IV.     Conclusion

IT IS, THEREFORE, ORDERED that the Report and Recommendation [44] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED that McCaley's Motion for Injunctive Relief [25] be denied.

SO ORDERED, this the 27th day of August, 2021.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE