IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORDELLRA MCCALEY, #164032**                                                      **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:20-cv-00178-KHJ-LGI**

**JAMES FILLYAW, ET AL.**                                                           **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation on the *Motion for Summary Judgment* [38] filed by Defendants James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry on April 1, 2021, and the Motion for Summary Judgment [49] filed by Plaintiff Cordellra McCaley on September 22, 2021. Several months have passed, and Plaintiff has not filed a response to Defendants' Motion for Summary Judgment [38] and Defendants have not filed a response to Plaintiff's Motion for Summary Judgment [49]. Having considered the submissions, the record, and relevant law, the undersigned recommends that Defendants' Motion for Summary Judgment [38] be GRANTED and Plaintiff's Motion for Summary Judgment [49] be DENIED. The undersigned finds that Defendants James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry are entitled to sovereign and qualified immunity, and dismissal of the claims against them.

**I.      Relevant Procedural History**

Plaintiff Cordellra McCaley, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983. Plaintiff filed suit against James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry on March 18, 2020. *See* Doc. [1]. Plaintiff's complete allegations are set

forth in his Complaint and were augmented by her sworn testimony at a *Spears*[1] hearing before the United States Magistrate Judge on November 30, 2020. *See* Doc. [33].

Plaintiff's claims relate to two alleged incidents of excessive force. Plaintiff first alleges that on November 20, 2019, Defendant Carrie Williams discharged pepper spray into Plaintiff's cell without warning and left him without medical treatment. Doc. [1] at 5. Plaintiff claims this occurred in retaliation for the grievance Plaintiff filed against an officer at another facility. Doc. 33 at 18-19. Additionally, Plaintiff claims that on January 17, 2020, Defendant Jemarcus James discharged pepper spray into Plaintiff's cell and denied him medical treatment. Doc. [33] at 14-15. Plaintiff asserts the January 2020 incident with Defendant James was instigated by Defendant Williams in retaliation for Plaintiff filing a grievance against Defendant Williams for the November 2019 incident. *Id.*

At the *Spears* hearing, Plaintiff elaborated on his claims against Defendants James Fillyaw and Christopher Fortenberry. Plaintiff claims James Fillyaw failed to act in response to Plaintiff's ARP grievances and letters and failed to properly investigate Plaintiff's allegations. Doc. [33] at 12. Plaintiff claims that Officer Christopher Fortenberry failed to log the January 17, 2020 incident in his logbook based on orders of Defendants Williams and James. *Id.* at 15.

MDOC records indicate that McCaley filed ARP CMCF-19-2598 on December 2, 2019, alleging that Defendant Williams discharged pepper spray into his cell and left him without medical treatment. Doc. 38-1 at 4. Plaintiff completed both steps of MDOC's grievance process for ARP CMCF-19-2598. *Id.* There are no grievances by Plaintiff concerning the alleged excessive force incident in January 2020. *Id.* McCaley provided an ARP grievance dated January 18, 2020,

---

1. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

alleging that Defendant Williams was under the influence of gang members. *Id.* The grievance does not mention excessive force on behalf of any MDOC officer nor is the grievance stamped "received" by the ARP program. *Id.*

The Defendants have been sued in their official and individual capacities, and Plaintiff has requested both injunctive relief and compensatory damages from the Defendants. Doc. [1] at 6. In the instant *Motion* [39], Defendants move for summary judgment based on sovereign immunity for the official capacity claims and qualified immunity for the individual liability. The Defendants also submit that Plaintiff did not exhaust the administrative grievance process before filing suit in this Court.

## II.  Standard

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at

1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, Civil Action No. 5:03-cv-241-BN, 2005 U.S. Dist. LEXIS 43286, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

The nonmovant is not required to respond to the motion until the movant properly supports its motion with competent evidence. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991), cert. denied, 503 U.S. 987, 112 S. Ct. 1675, 118 L. Ed. 2d 393 (1992). In the event the moving party has made an affirmative showing that it is entitled to summary judgment, the burden shifts to the non-moving party to come forward with evidence that creates a genuine issue for trial. *Celotex*, 477 U.S. at 330. In deciding a motion for summary judgment, the Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**III.    Analysis**

The Defendants claim they are entitled to sovereign and qualified immunity from this action. Defendants also assert McCaley did not exhaust the administrative grievance process before filing suit in this Court. Plaintiff's Motion reasserts the allegations of his Complaint that were augmented at the *Spears* hearing.

**Defendants' Motion for Summary Judgment**

**A.    Sovereign Immunity**

The Defendants first urge that the doctrine of sovereign immunity entitles them to dismissal of any official capacity claims McCaley asserted against them. The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. CONST. AMEND. XI; *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605, (1999). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Mississippi has not waived its Eleventh Amendment immunity. MISS. CODE ANN. § 11-46-5(4) ("nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Eleventh Amendment immunity from suit for monetary damages protects not only the state, but also state agencies deemed to be "an arm of the state," and employees of such agencies who are sued in their official capacities. *See Am. Bank and Tr. Co. of Opelousas v. Dent*, 982 F.2d 917,

921 (5th Cir. 1993) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("suit against a state official in his or her official capacity ... is no different from a suit against the State itself."). The MDOC is an arm of the State of Mississippi and is protected from suit by the Eleventh Amendment. *See Williams v. Miss. Dept. of Corr.*, Civil Action No.: 3:12-cv-259-CWR-FKB, 2012 U.S. Dist. LEXIS 78410, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012); *Dandridge v. Miss.*, Civil Action No.: 2:08-cv-229-KS-MTP, 2009 U.S. Dist. LEXIS 122040, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009).

In his Complaint, McCaley seeks nominal and compensatory damages. Doc. [1] at 6. The moving Defendants, as employees of the MDOC, and thus employees of the State of Mississippi, are protected by sovereign immunity from McCaley's § 1983 monetary damage claims against them in their official capacities. The damages relief sought falls into the category of suits barred by state sovereign immunity — "a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015) (quoting *Edelman*, 415 U.S. at 663).

Plaintiff also seeks injunctive relief against the Defendants. *Id.*; *see also* Doc. 25. The United States Supreme Court, in *Ex Parte Young*, carved out a narrow exception to Eleventh Amendment immunity, allowing a plaintiff to seek prospective injunctive or declaratory relief against a state official to remedy an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official

capacity for injunctive relief under [Title 42 U.S.C.] § 1983 because "official-capacity" actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (*citing Ex parte Young*, 209 U.S. at 159-160).

For this court to apply *Ex Parte Young*, McCaley, through his Complaint, must allege that the Defendants are continuing to violate federal law, not simply that they have done so in the past. *See Green v. Mansour*, 474 U.S. 64, 71-73, 106 S.Ct. 423, 427-29, 88 L.Ed.2d 371 (1985). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002). Seven months after filing this lawsuit, Plaintiff filed a *Motion for Injunctive Relief* [25] alleging Defendants Fillyaw, Williams, and James retaliated against Plaintiff for filing this lawsuit. Plaintiff has since been transferred from the Central Mississippi Correctional Facility to the Mississippi State Penitentiary at Parchman rendering Plaintiff's request for prospective injunctive relief moot. *Whitfield v. City of Ridgeland*, 876 F. Supp.2d 779 (S.D. Miss. 2012) ("[A]n action becomes moot unless there remains throughout the litigation a real and immediate threat of repeated injury.") Accordingly, this court finds that the *Ex Parte Young* exception does not apply to the lawsuit. For these reasons, the Court finds James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry are immune from suit under § 1983 in their official capacities and dismisses such with prejudice.

B.     **Qualified Immunity**

The Defendants' sovereign immunity for their official capacity claims does not preclude liability in their individual capacities. *Bd. of Cnty. Com'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 672 (1996). The Defendants' individual capacity is only protected from liability if the principle of qualified immunity applies. Even then, each official "is only liable for his or her own misconduct." *Ashcroft v. Iqpal*, 556 U.S. 662, 677 (2009)

Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The test for qualified immunity is well-established: "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in light of the clearly established law at the time of the incident." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998). Plaintiff has the burden of rebutting the defense, and if he fails to satisfy either prong, the defendant prevails. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (granting the lower courts permission to evaluate either prong of the qualified immunity analysis first). If the Court finds that there was no constitutional violation, the Court need not address the second part of the test. *Marks v. Hudson*, 933 F.3d 481, 483 (5th Cir. 2019); *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). Accordingly, this Court must examine the summary judgment record and determine whether McCaley has adduced sufficient evidence to raise a genuine issue of material fact suggesting that Defendants' conduct violated an actual constitutional right for each claim, and whether their conduct was objectively unreasonable in light of clearly established law.

> **i.** **Excessive Force claims against Defendant Carrie Williams and Defendant Jemarcus James**

Plaintiff claims that, on separate occasions, Defendant Carrie Williams and Defendant Jemarcus James discharged pepper spray into Plaintiff's cell without warning and left him without medical treatment. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal citations and quotations omitted). To analyze such a claim at the summary judgment stage, this Court must consider the factors set forth in *Hudson v. McMillan*:

> (1) the extent of [the] injury suffered, (2) the need for [the] application of force, (3) the relationship between that need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response.

*Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019) (*quoting Hudson*, 503 U.S. at 7) (quotation marks omitted).

The factual dispute over the degree of McCaley's injuries is largely irrelevant to the question of excessive force, as the Supreme Court has clarified that "[a]n inmate need not establish a 'significant injury' to pursue an excessive force claim because '[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.'" *Id.* at 492 (*citing Wilkins v. Gaddy*, 559 U.S. 34, 37-38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)). McCaley has "demonstrated a genuine dispute of material fact, namely, whether the force employed . . . was used "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (q*uoting Hudson*, 503 U.S. at 6). There is

a genuine dispute in the record over whether the force deployed by Defendants Williams and James was provoked by McCaley's resistance, or, rather, was unprovoked altogether. Upon review of the exhibits and filings in the light most favorable to McCaley, this Court concludes that McCaley has demonstrated a genuine factual dispute about whether he was subject to a good-faith effort to restore discipline by Defendants or, rather, a malicious attack.

Because this Court finds McCaley has demonstrated a genuine factual dispute about whether he was subject to unconstitutionally excessive force, the Court will analyze whether Plaintiff has demonstrated that the conduct violated a clearly established constitutional right.

"Courts need not search for relevant precedent to determine whether the law was clearly established, because 'in the context of qualified immunity, it is the plaintiff's burden to establish that an allegedly violated right was clearly established.'" *Neal v. Hinds Cty.*, Civil Action No.: 3:18-cv -590-CWR-FKB, 2021 U.S. Dist. LEXIS 67248, at *8-10, 2021 WL 126382 (S.D. Miss. Apr. 6, 2021) (*quoting Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020), as revised (Sept. 23, 2020). In other words, "[a] plaintiff must 'identify a case—usually, a body of relevant case law—in which an officer acting under similar circumstances was held to have violated the Constitution.'" *Roque v. Harvel*, ___ F.3d ___, 993 F.3d 325, 2021 U.S. App. LEXIS 9547, 2021 WL 1220156, at *5 (5th Cir. Apr. 1, 2021) (citation omitted).

Applying this rule, this Court concludes that McCaley has not carried the burden required of him. McCaley did not file a timely response in opposition to Defendants' Motion [39]. Even construing Plaintiff' Motion for Summary Judgment [49], which was filed five months after Defendants' Motion, as a response, Plaintiff's Motion is devoid of any citations to caselaw that would satisfy the demands of the requirement that Plaintiff allege a violation of a clearly

established constitutional right.

Although this Court finds McCaley has demonstrated a genuine factual dispute about whether he was subject to unconstitutionally excessive force, Plaintiff fails to demonstrate that the conduct violated a clearly established constitutional right. Defendant Carrie Williams and Defendant Jemarcus James are entitled to summary judgment as a matter of law as to the excessive force claims.

### ii. Retaliation claims against Defendant Carrie Williams and Defendant Jemarcus James

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. *Woods*, 60 F.3d at 1166. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Id.*

"A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). The Fifth Circuit has emphasized that

"prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 Fed.Appx. 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*.

Plaintiff presents two unrelated incidents involving Defendants Williams and James as conclusory allegations of a conspiracy to retaliate against him for filing grievances. As noted above, mere conclusory allegations of retaliation will not withstand a summary judgment challenge; rather, the inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Woods*, 60 F.3d at 1166. Defendant Carrie Williams and Defendant Jemarcus James are entitled to summary judgment on the retaliation claims.

### iii.    Failure to Investigate claim against Defendant James Fillyaw

Plaintiff's claim that James Fillyaw failed to properly investigate his grievance does not rise to the level of a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegations that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation). Defendant James Fillyaw is entitled to summary judgment as a matter of law as to the failure to investigate claim.

### iv.     Failure to Record claim against Defendant Christopher Fortenberry

Plaintiff claims that Defendant Christopher Fortenberry failed to log the January 2020 pepper spray incident in his logbook. Plaintiff does not allege that Fortenberry participated in this incident, only that he failed to follow MDOC policy by keeping an official record of the incident. The Fifth Circuit has dismissed § 1983 claims for alleged violations of prison policy because "a prison official's failure to follow the prison's . . . regulations do [*sic*] not constitute a [constitutional] violation." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). Therefore, Plaintiff cannot prevail on Defendant Fortenberry's alleged failure to record the incident through a § 1983 claim. Moreover, the January 2020 incident is documented in Plaintiff's institutional record. *See* Doc. 38-3 at 23, 87. Defendant Christopher Fortenberry is entitled to summary judgment as a matter of law as to the failure to record claim.

### v.     Supervisory Liability

Plaintiff sets forth two supervisory liability claims in his Complaint. The first supervisory liability claim is made against Defendant Fillyaw for his role in overseeing the administrative grievance program, and specifically, Fillyaw's failure to act in response to Plaintiff's grievances. The second supervisory liability claim is against Defendant Williams, for her alleged role in supervising Defendant James during the January 20, 2020 incident.

"Section 1983 does not create supervisory or respondeat superior liability." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (*quoting Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). A supervisor not personally involved in the acts that deprived an individual of constitutional rights may be held liable under § 1983 if he or she implements unconstitutional policies that causally result in the constitutional injury. *Gates v. Texas Dep't of Protective &*

*Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). A supervisor can be found liable under § 1983 if: (1) the supervisor failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to train or supervise and the alleged violation of rights; and (3) the failure to train or supervise constituted deliberate indifference to the individual's constitutional rights. *Id.* "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.*

McCaley's collective allegations do not meet the pleading burden and overcome the moving Defendant's qualified immunity on the supervisor liability claims. "Collective allegations" cannot defeat a §1983 defendant's qualified immunity defense. *See Bivens v. Forrest Cty.*, Civil Action No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015) (*citing Anderson*, 184 F.3d at 444).

McCaley does not specifically allege Defendant Williams participated in the January 20, 2020 alleged excessive force incident, nor does McCaley allege any specific "causal connection" between Defendants Williams and James which led to the deprivation of McCaley's constitutional rights. *See Brown*, 911 F.3d at 245 (*citing Evett*, 330 F.3d at 689). Moreover, Plaintiff has failed to create a genuine issue of material fact as to any constitutional violation relating to Defendant Fillyaw's supervisory oversight of the administrative grievance program. McCaley has failed to plead a constitutional violation on a supervisor liability theory and she has not plead sufficient facts to support a constitutional violation on a supervisory liability theory. Therefore, Defendants Fillyaw and Williams are entitled to summary judgment as a matter of law as to the supervisory liability claims.

### C. Exhaustion of Administrative Remedies

In their motion, Defendants raised the argument that McCaley did not exhaust the grievance process before filing suit in this Court, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). The Court does not address Plaintiff's exhaustion of administrative remedies because the Court finds that Defendants James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry should be dismissed on the merits of the motion for sovereign immunity and qualified immunity.

### Plaintiff's Motion for Summary Judgment

In his Motion for Summary Judgment [49], McCaley simply repeats his original allegations regarding Defendants discharging pepper spray in Plaintiff's cell. Due to the analysis of these claims *supra*, the Court recommends that McCaley's Motion for Summary Judgment [49] be denied.

### IV.   Recommendation

The *Motion for Summary Judgment* [38] filed by Defendants James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry should be GRANTED. The Motion for Summary Judgment [49] filed by Plaintiff Cordellra McCaley should be DENIED.

### Notice of Right to Object

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to

the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 8th day of February, 2022.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE