UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORDELLRA McCALEY, #164032                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:20-CV-178-KHJ-LGI

JAMES FILLYAW, et al.                                               DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac [54]. That Report recommends the Court grant Defendants James Fillyaw, Carrie Williams, Jemarcus James, and Christopher Fortenberry's Motion for Summary Judgment [38] and deny Plaintiff Cordellra McCaley's Motion for Summary Judgment [49]. Written objections to the Report were due by February 22, 2022. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636. [54] at 16.

When no party has objected to a magistrate judge's report and recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1). In such cases, the Court can apply the clearly erroneous, abuse of discretion, and contrary to law standards of review. *See United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009) (citation omitted).

McCaley, an inmate in the custody of the Mississippi Department of Corrections, brings this § 1983 action against Defendants Fillyaw, Williams, James,

and Fortenberry for violating his constitutional rights. *See* Compl. [1]. McCaley augmented his claims at a *Spears* hearing before Magistrate Judge Linda Anderson. *See* [54] at 2; Hearing Transcript [33].

McCaley alleges that on November 20, 2019, Williams, encouraged by gang-members, sprayed him with pepper spray without order or warning and left him without medical attention. [1] at 5. This was allegedly due to McCaley's report of a relationship between an inmate at McCaley's facility and an officer at another facility. [33] at 17–19. McCaley asserts that James similarly discharged pepper spray into his cell after Williams "tricked" him into doing such. [1] at 5; [33] at 14–15. James left McCaley without medical attention. [1] at 5. McCaley believes this was in retaliation for reporting Williams's November incident. [33] at 15.

McCaley argues that Fillyaw failed to investigate McCaley's allegations of excessive force, *id.* at 12–15, 36, and that Fortenberry refused to log the excessive force incident and procure medical care. *Id.* at 15–16.

Magistrate Judge Isaac found sovereign immunity proscribed McCaley's suits against the officers in their official capacities. [54] at 5–7. And because McCaley did not allege continuing violations, *Ex Parte Young* relief was unavailable. *Id.* at 7; *see also Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002). In their individual capacities, the Magistrate Judge granted qualified immunity to the Defendants. For the excessive force claims against Williams and James, she found McCaley demonstrated a genuine issue of fact, but did not identify a line of cases comparable to the facts at issue. [54] at 9–11. The Magistrate Judge found the retaliation claims

lacked evidence of conspiratorial intent. *Id.* at 11–12. Turning to Fillyaw and Fortenberry, the Magistrate Judge observed that "failure to investigate" and "failure to record" were not recognized constitutional claims. *Id.* at 12–13. McCaley also did not properly allege facts necessary to establish supervisory liability against the Defendants. *Id.* 13–14. On these grounds, the Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment and deny McCaley's motion.

McCaley did not object to the Recommendation, and his time to do so has passed. The Court finds the Report and Recommendation is not clearly erroneous or contrary to law. The Court adopts the Report and Recommendation as the opinion of this Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [54] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [38] is granted and McCaley's Motion for Summary Judgment [49] is denied. This case is DISMISSED.

SO ORDERED AND ADJUDGED this the 21st day of March, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE